UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x  NOT FOR PRINT OR
                                                              ELECTRONIC PUBLICATION
YAKOV SLEPOY,

                Plaintiff,                    MEMORANDUM
                                                              AND ORDER
  -against-

LAW OFFICE OF BUKH & ASSOCIATES;                              10-CV-2045 (ARR)
ARKADY BUKH; NICHOLAS WOOLDRIDGE;
BRUCE PROVDA,

                Defendants.
-----------------------------------------------------------x
ROSS, United States District Judge:

On May 4, 2010, plaintiff Yakov Slepoy, appearing *pro se*, filed this action against his former attorneys. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. The complaint is dismissed for lack of subject matter jurisdiction as set forth below.

## **Background**

Plaintiff alleges that defendants "took money from plaintiff and were representing plaintiff in three different courts for over two years." Compl. at ¶ III. "However, defendants were sabotaging the cases and misleading district attorney Charles Hynes and Hon. William Miller and many other judges. Because defendants went into a conspiracy with the economical-terrorist organization of Marina and Mark Kogan that caused the financial crisis in the USA and the world." Id. Plaintiff seeks "justice and monetary compensation." Id. at ¶ IV. Eventually, plaintiff hired another lawyer to represent him in the criminal cases pending against him, which appeared to have been dismissed and sealed. See Compl., Unmarked Exhibits at 12-22, 34-37.[1]

---

[1] The court refers to the page numbers assigned by the Electronic Case Filing (ECF) system.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

## Discussion

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Id. (citing Bell v. Hood, 327 U.S. 678, 681-685 (1946)).

Although plaintiff does not provide a basis for the court's jurisdiction,[2] see Compl. at ¶ II,

---

[2] Plaintiff's failure to cite to the proper statute is not fatal to his complaint as long as his allegations suggest a basis for this Court's subject matter jurisdiction.

2

liberally construing the complaint and its submissions, it appears that plaintiff brings this action against the former attorneys he retained, the Law Office of Bukh and Associates, Arkady Bukh, Nicholas Wooldridge and Bruce Provda, based on their purported failure to adequately represent him in his state court cases. Plaintiff's allegations against these defendants, however, do not suggest a basis for this court's subject matter jurisdiction. First, plaintiff has not alleged diversity of citizenship as all the parties reside in New York. See Compl. ¶ I. Second, "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quotation omitted). Plaintiff has failed to allege a federal question arising over his dispute with the representation provided by his former attorneys.[3]

## Warning

In a short time, plaintiff has filed five *pro se* cases seeking *in forma pauperis* status. See Slepov v. City of New York, No. 10-CV-1814 (ARR) (filed Apr. 22, 2010); Slepov v. Kliger, No. 10-CV-1888 (ARR) (filed Apr. 27, 2010); Slepov v. Simkhovich, No. 10-CV-1889 (ARR) (filed Apr. 27, 2010); Slepov v. Augenbraun, No. 10- CV-2046 (ARR) (filed May 4, 2010). Plaintiff is advised and cautioned that "[t]he district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

---

[3] Even if the court were to liberally interpret plaintiff's allegation that defendants conspired with "the economical-terrorist organization of Marina and Mark Kogan," see Compl. at ¶ III, as a claim under 42 U.S.C. § 1985(3), such a claim would fail because plaintiff's allegation is conclusory, he names only private parties and he does not state facts sufficient to support a purely private conspiracy. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009); Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993).

## Conclusion

Accordingly, this complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Any state law claims are dismissed without prejudice. The court cautions plaintiff that if he continues to file similar actions it may result in an order prohibiting plaintiff from filing any future lawsuit seeking *in forma pauperis* status in this court without first obtaining leave of the court.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied in each action for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: May 1 , 2010
Brooklyn, New York